1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    RICARDO ZEPEDA,                           Case No.  13-cv-05761-KAW

8                 Plaintiff,
                                               ORDER GRANTING DEFENDANTS
9         v.                                   WALTER N. SCHULD AND BRIAN
                                               BUBAR'S MOTION TO DISMISS
10   WALTER N. SCHULD, et al.,
                                               Dkt. No. 19
11                Defendants.

12

13          On May 16, 2014, Defendants Walter N. Schuld and Brian Bubar filed a motion to dismiss

14   certain allegations in Plaintiff Ricardo Zepeda's complaint on the grounds that they were time-

15   barred.

16          On July 3, 2014, the Court held a hearing, at which Plaintiff did not appear, and after

17   careful consideration of the parties' arguments and the applicable legal authority, for the reasons

18   set forth below, the Court GRANTS Defendants' motion to dismiss all claims based on incidents

19   that occurred between 2006 and 2008 on the grounds that they are barred by the applicable statute

20   of limitations.

21                                I.    BACKGROUND

22          Plaintiff Ricardo Zepeda alleges civil rights violations in connection with various contacts

23   with law enforcement agencies and personnel, including the San Pablo Police Department, the

24   Richmond Police Department, and the Contra Costa County Sheriff's Department. (Compl., Dkt.

25   No. 1.)

26          In April 2006, Plaintiff alleges that he was served with an invalid search warrant by the

27   West Contra Costa Narcotics Enforcement Team (Westnet), the San Pablo Police Department, and

28   the Contra Costa County Sheriff's Department for possession of drugs and concealed weapons.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

(Compl. ¶ 9.)  Plaintiff alleges that he and his wife were arrested for possession and sale of guns and drugs, and the officers seized their property, including money, jewelry, and gold. *Id.*

In 2008, Plaintiff was again allegedly served with an invalid search warrant by Westnet at his residence in Richmond, California. (Compl. ¶ 10.)  Plaintiffs alleges that he was arrested and offered a plea bargain, which he took and was released from custody. (Compl. ¶ 10.)

On March 20, 2008, Plaintiff alleges that he was again served with an invalid warrant, and $3996.00 was seized. (Compl. ¶ 11.)

On April 9, 2008, Officer Brian Bubar, Head of Westnet, and other officers allegedly went to Plaintiff's place of employment to execute a search for drugs and guns. (Compl. ¶ 12.)  Plaintiff hid inside a bathroom and locked the door, while Bubar executed a search of the shop.  *Id.*  When Plaintiff would not exit the bathroom, an officer allegedly threatened Plaintiff with a police K-9. *Id.*  After the officers unlocked the door, they allegedly physically assaulted him before placing him in handcuffs. *Id.*  While in handcuffs, Officer Bayse allegedly ordered the K-9 dog to bite Plaintiff, which resulted in dog bite injuries requiring medical treatment. (Compl. ¶ 13.)

On April 11, 2008, Bubar allegedly came to Plaintiff's house and handcuffed Plaintiff and transported him to the San Pablo Police Department. (Compl. ¶ 13a.)  There, Plaintiff was interrogated without being read his *Miranda* rights, and was pressured to make a deal with the District Attorney. *Id.*  Plaintinff took the plea offer and was released from custody. *Id.*

In October 2008, Plaintiff allegedly received a phone call from Bubar claiming that he wanted to meet with Plaintiff. (Compl. ¶ 14.)  Plaintiff met with Bubar in a San Pablo parking lot where Bubar gave him two DVDs that showed two individuals stating that Plaintiff did not give narcotics or guns to anyone. *Id.*

In 2012, Plaintiff alleges that the Richmond Police Department came to his house and searched without a warrant, and handcuffed Plaintiff during the duration of the search. (Compl. ¶ 15.)

On February 20, 2013, Plaintiff contends that his residence was again searched by the San Pablo Police Department without a warrant. (Compl. ¶ 16.)  During that search they seized a firearm, and arrested Plaintiff. *Id.*

United States District Court
Northern District of California

1    On February 23, 2013, two days after being released from police custody, Plaintiff

2    received a call that he could retrieve his property. (Compl. ¶ 17.)  Plaintiff's firearm was not

3    returned. *Id.*

4    On May 6, 2013, Officer Bubar served Plaintiff with another allegedly invalid search

5    warrant for his residence.  (Compl. ¶ 18.)  During that search, Plaintiff was handcuffed by Officer

6    Bubar and arrested for felon in possession of a firearm. *Id.*  Plaintiff was then interrogated despite

7    demanding an attorney. *Id.*  Plaintiff was only released after he promised to cooperate. *Id.*

8    In addition, Plaintiff generally alleges that officers seized property, including gold and

9    cash, from his residence that was never included on the property lists and was not returned to him.

10   (Compl. ¶ 19.) Plaintiff also contends that he is being discriminated against and harassed on the

11   basis of his race, and that his rights continue to be violated by having his residence subject to

12   search without a valid warrant. (Compl. ¶¶ 20-21.)

13   On December 12, 2013, Plaintiff filed this action against numerous defendants, including

14   Chief Walter N. Schuld and Officer Brian Bubar of the San Pablo Police Department.  On May 16,

15   2014, Defendants Schuld and Bubar filed this motion to dismiss all allegations pertaining to the

16   incidents that occurred in 2006 and 2008 on the grounds that they are time-barred. (Defs.' Mot. at

17   2, 5.) On June 3, 2014, Plaintiff filed his opposition after being granted an extension by the Court.

18   (Pl.'s Opp'n, Dkt. No. 32.)  On June 10, 2014, Defendants filed their reply. (Defs.' Reply, Dkt.

19   No. 33.)

20   ## II.    LEGAL STANDARD

21   The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

22   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).

23   However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

24   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

25   do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S.

26   41, 47, (1957)).

27   Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

28   on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule

1    12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250

2    F.3d 729, 732 (9th Cir. 2001).

3        In considering such a motion, a court must "accept as true all of the factual allegations

4    contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

5    omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

6    there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

7    *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

8    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation

9    marks omitted).

10       A claim is plausible on its face when a plaintiff "pleads factual content that allows the court

11   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

12   556 U.S. at 678 (citation omitted).  "Threadbare recitals of the elements of a cause of action" and

13   "conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy

14   Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted

15   inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The

16   plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

17   possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are

18   merely consistent with a defendant's liability, it stops short of the line between possibility and

19   plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

20   (internal citations omitted).

21       Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

22   request to amend is made "unless it determines that the pleading could not possibly be cured by

23   the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

24   omitted).

25                          **III.    DISCUSSION**

26   **A.    Failure to Satisfy Pleading Standards**

27       As an initial matter, the complaint does specify which causes of action are being alleged

28   and against whom they are being alleged.  Rule 8 requires "a short and plain statement of the

United States District Court
Northern District of California

4

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  Here, the complaint does not even provide a formulaic recitation of the elements of each cause of action, which would still be insufficient to withstand a motion to dismiss under Rule 12(b)(6). See *Twombly*, 550 U.S. at 555.  Further, each of Plaintiff's causes of action incorporates paragraphs 1-21 without identifying which facts relate to which causes of action, leaving the Court to guess which facts pertain to which causes of action.  For example, the fourth cause of action is for general harassment that occurred between 2006 and 2013.  This is insufficient to state a claim, because it does not identify the specific incidents of misconduct.  Further, as discussed in detail below, all claims pertaining to incidents that occurred between 2006 and 2008 are barred by the two-year statute of limitations for § 1983 claims. *See* discussion *infra* Part III.B.i.[1]

Accordingly, as currently pled, the complaint is wholly insufficient and must be amended to comply with the *Iqbal-Twombly* pleading standard.  Thus, Plaintiff must amend his fourth through eighth causes of action to allege specific facts, including the dates of all alleged incidents, sufficient to state a claim.

### B.    Failure to State a Claim under Federal Rule 12(b)(6)

Defendants move to dismiss any claims based on incidents that occurred between 2006 and 2008 on the grounds that those claims are barred by the statute of limitations for excessive force cases.  (Defs.' Mot. at 2, 5.)

#### i.    2006-2008 incidents

Plaintiff's complaint contains facts pertaining to six incidents that occurred between 2006 and 2008. (*See* Compl. ¶¶ 1-21.) Defendant contends that any claims based on these incidents are time-barred.  (Defs.' Mot. at 2, 5.)  The applicable statute of limitations for § 1983 claims is two years. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985) (federal courts must apply the statute of limitations and tolling statutes of the forum state to § 1983 claims; and § 1983 claims are best characterized as personal injury claims, so the state's statute of limitations for personal injury actions applies); Cal. Civ. Proc. Code § 335.1 (two year statute of limitations in personal injury

---

[1] Additionally, unless Plaintiff can allege equitable tolling for his other claims, all incidents that occurred before 2011 are similarly time-barred. *See* discussion *infra* Part III.B.ii.

1   actions).  While Plaintiff attempts to bring various constitutional claims, they are only actionable

2   under § 1983, because they allege a deprivation of federal constitutional or statutory rights for

3   actions under color of law.

4          Thus, if equitable tolling does not apply, those six incidents, including the 2008 dog bite

5   incident, cannot be used to support Plaintiff's claims.

6                  **ii.     Whether equitable tolling applies**

7          In his complaint, Plaintiff concedes that he did not file the suit sooner, because he did not

8   know how to prosecute his case. (Compl. ¶ 21.)  In his opposition, however, Plaintiff claims for

9   the first time that the applicable statute of limitations is tolled pursuant to California Code of Civil

10  Procedure § 352, because he "was in hospital and under doctors care for approximately 5 years.

11  He had trouble walking, hearing, suffered severe injuries, and presently has trouble seeing from

12  attack of canine dog in 2008." (Pl.'s Opp'n at 4.)  Plaintiff contends that the statute of limitations

13  should be tolled from 2009 to 2013, during which time he was undergoing treatment for his dog

14  bite injuries. *Id.* at 5.  Equitable tolling is available on the grounds of mental incompetency if the

15  disability existed at the time the cause of action occurs, or if the insanity is caused by the

16  prospective defendant's wrongful acts and occurs simultaneously with those acts. *See* Cal. Civ.

17  Code § 352(a).

18         Plaintiff cites *Tzolov v. Int'l Jet Leasing, Inc.*, 232 Cal. App. 3d 117, 119 (1991), in support

19  of his position.  This reliance, however, is misplaced, as the plaintiff in *Tzolov* suffered such a

20  severe head injury as to render him mentally incompetent. *Id.* at 121-22.  Here, Plaintiff does not

21  claim that he was mentally incapacitated.  Rather, he claims that he was recovering from his dog

22  bite injuries. (Pl.'s Opp'n at 5-6.)  Thus, § 352 is inapplicable, because there is no equitable tolling

23  based on physical injuries that do not cause mental incapacity.

24         Based on the facts alleged in the complaint, Plaintiff may have been "disabled" for an

25  unknown period of time within the meaning of § 352.1.  Under California law, the statute of

26  limitations may be tolled for the duration of a person's detention for a period not to exceed two

27  years if, at the time the cause of action accrued, the person entitled to bring the cause of action was

28  "imprisoned" for a criminal offense. Cal. Civ. Proc. Code § 352.1(a).  Even if Plaintiff was

United States District Court
Northern District of California

6

1 | incarcerated for two years, which does not appear to be the case, any 2008 claims became time-
2 | barred at the end of 2012.

3 | As a result, while Plaintiff is correct that dog bite cases are actionable, Plaintiff's 2008 dog
4 | bite, along with all other incidents that occurred between 2006 and 2008, are time-barred and
5 | those facts may not be used to support Plaintiff's remaining causes of action.

6 | ### IV.   CONCLUSION

7 | Defendants' motion to dismiss with prejudice those allegations of incidents that occurred
8 | between 2006 and 2008 is GRANTED. Therefore, Plaintiff's first, second, and third causes of
9 | action are also dismissed without leave to amend, as they concern the dog bite incident that
10 | allegedly occurred on April 9, 2008, rendering futile any amendment because they are time-barred.

11 | Additionally, Plaintiff must amend his fourth through eighth causes of action to
12 | specifically identify the facts that support each claim.  Simply incorporating preceding paragraphs
13 | by reference is insufficient.  Again, Plaintiff may not include those incidents that occurred
14 | between 2006 and 2008 as they are time-barred.

15 | Plaintiff shall file a first amended complaint on or before **August 8, 2014**, which must
16 | clearly specify the facts supporting each cause of action.  Failure to timely file a first amended
17 | complaint that complies with this order will result in dismissal of this action.

18 | Plaintiff should be aware that an amended complaint will supersede or replace the original
19 | complaint and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*,
20 | 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S.
21 | 499 (2005).  The first amended complaint must therefore be complete in itself without reference to
22 | the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which
23 | are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
24 | 1987) (citations omitted).

25 | ///
26 | ///
27 | ///
28 | ///

United States District Court
Northern District of California

1    In amending his complaint, Plaintiff may wish to consult a manual the court has adopted to

2  assist pro se litigants in presenting their case. This manual, and other free information for pro se

3  litigants, is available online at: *http://cand.uscourts.gov/proselitigants.*  Plaintiff may also wish to

4  contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling

5  (415) 782-8982.

6    IT IS SO ORDERED.

7  Dated: July 3, 2014

8  _____

9  KANDIS A. WESTMORE
   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28