UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZEPEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER N. SCHULD, et al.,<br><br>    Defendants. | Case No. 13-cv-05761-KAW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY OF CIVIL ACTION PENDING CRIMINAL ACTION<br><br>Dkt. No. 45 |

On October 9, 2014, Defendants Walter N. Schuld, Brian Bubar, Richmond Police Department, and Chris Magnus filed a motion to stay the civil action pending the outcome of Plaintiff Ricardo Zepeda's pending criminal proceeding arising from the May 6, 2013 incident alleged in his amended complaint. (Defs.' Mot., Dkt. No. 45 at 2.)

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motion to stay the case pending the outcome of Plaintiff's state criminal proceeding.

## I.  BACKGROUND

Plaintiff Ricardo Zepeda alleges civil rights violations in connection with various contacts with law enforcement agencies and personnel, including the San Pablo Police Department, the Richmond Police Department, and the Contra Costa County Sheriff's Department. (First Am. Compl., "FAC," Dkt. No. 44.)

In 2012, Plaintiff alleges that 50-60 officers came to his house, kicked down the door, searched his home without a warrant, and handcuffed Plaintiff during the duration of the search. (FAC ¶ 9.)

1  On February 20, 2013, Plaintiff's residence was again searched by the San Pablo Police
2  Department without a warrant. (FAC ¶ 10.) During that search they seized a firearm, and arrested
3  Plaintiff. *Id.* He was allegedly interrogated at the Richmond Police Department, where he asked
4  for a lawyer, and was denied. *Id.* He was later released from custody. *Id.*

5  On May 6, 2013, Officer Bubar served Plaintiff with an allegedly invalid search warrant
6  for his residence. (FAC ¶ 11.) During that search, Plaintiff was handcuffed by Officer Bubar and
7  arrested for being a felon in possession of a firearm. *Id.* Plaintiff was then interrogated despite
8  demanding an attorney. *Id.* Plaintiff was only released after he promised to cooperate. *Id.*
9  Charges were not immediately filed. *Id.* Additionally, Plaintiff generally alleges that officers
10 seized property, including gold and cash, from his residence that was never included on the
11 property lists and was not returned. *Id.*

12 On December 12, 2013, Plaintiff filed this lawsuit in federal court containing numerous
13 allegations of police conduct.

14 On July 31, 2014, Plaintiff appeared in Superior Court for the County of Contra Costa on
15 charges in connection with the May 6, 2013 incident. (FAC ¶ 12.)

16 On August 22, 2014, a felony complaint was filed against Plaintiff in Contra Costa County
17 Superior Court charging him with being a felon in possession of a firearm and ammunition,
18 stemming from the May 6, 2013 incident. (Decl. of Noah Blechman, "Blechman Decl.," Dkt. 45-1
19 ¶ 3, Ex. B.) On August 28, 2014, Plaintiff was booked on those charges. (FAC ¶¶ 13-14.) That
20 criminal action is currently pending. (*See* Pl.'s Opp'n, Dkt. No. 48 at 8.)

21 On September 22, 2014, Plaintiff filed his first amended complaint. (FAC, Dkt. No. 44.)
22 On October 9, 2014, Defendants filed a motion to stay this action pending the resolution of
23 Plaintiff's state criminal prosecution. (Defs.' Mot. at 8.) On November 4, 2014, Plaintiff filed an
24 untimely opposition arguing that, if the Court grants the motion to stay, it should also issue an
25 injunction to prevent future police misconduct. (Pl.'s Opp'n at 2, 8.)

## II. DISCUSSION

27 A plaintiff cannot recover damages under section 1983 for a claim involving an unlawful
28 arrest, imprisonment, or conviction unless or until the conviction has been vacated or set aside.

*See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (the question is "whether judgment in favor of a § 1983 plaintiff would necessarily imply invalidity of [a plaintiff's] conviction or sentence"); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In cases like this, when criminal proceedings are pending, courts should stay the section 1983 case until the criminal proceedings are concluded. *See Wallace*, 549 U.S. at 393-94. That is because the outcome of the state case can affect what happens in the federal case: "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394 (citations omitted).

Plaintiff Ricardo Zepeda's state criminal case is currently pending. (Defs.' Mot. at 3; Blechman Decl.," Dkt. 45-1 ¶ 3.) Plaintiff's civil rights action alleges constitutional violations related to the May 6, 2013 incident charged in his state criminal case, including the constitutionality of the searches conducted and the seizure of personal property. Since the state court proceedings may implicate his federal case, the Court stays the Plaintiff's civil action during the pendency of the criminal matter.

In his untimely opposition, Plaintiff opposes the stay, but, in the alternative, seeks an injunction against Defendants to prevent them from harassing him and violating his civil rights. (Pl.'s Opp'n at 6.) Defendants, however, are already prohibited from unlawfully harassing Plaintiff and violating his constitutional rights. Thus, the Court declines to issue an injunction.

### III. CONCLUSION

In light of the foregoing, the Court GRANTS Defendants' motion to stay this action pending the outcome of his state criminal proceeding. The stay will be lifted when Mr. Zepeda's criminal case is resolved.

Defendants are ordered to file a status report informing the Court of the status of the criminal case on or before May 15, 2015, or earlier if the case is resolved before then.

IT IS SO ORDERED.

Dated: November 7, 2014

KANDIS A. WESTMORE
United States Magistrate Judge