UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZEPEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALTER N. SCHULD, et al.,<br><br>　　　　Defendants. | Case No. 4:13-cv-05761-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT; ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 69 & 70 |

On February 27, 2017, Defendants Richmond Police Department and Richmond Chief of Police Chris Magnus filed a motion to dismiss Plaintiff Ricardo Zepeda's second amended complaint on the grounds that the complaint fails to state a claim upon which relief can be granted. (Richmond Defs.' Mot., Dkt. No. 69.) On February 28, 2017, Defendants Walter N. Schuld and Brian Bubar of the San Pablo Police Department also filed a motion to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). (San Pablo Defs.' Mot., Dkt. No. 70.)

On May 4, 2017, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS Defendants' motions to dismiss with leave to amend.

## I. BACKGROUND

Plaintiff Ricardo Zepeda alleges civil rights violations in connection with various contacts with law enforcement agencies and personnel, including the San Pablo Police Department, the Richmond Police Department, and the Contra Costa County Sheriff's Department.[1] (Second Am.

---

[1] The Contra Costa County Sheriff's Department was originally named, but was not included in the caption in the Second Amended Complaint, which may have been inadvertent. There are

Compl., "SAC," Dkt. No. 67.)

On February 12, 2012, Plaintiff alleges that Shane (sp?) Pate, Special Response Team, the Richmond Police Department, Officer Rocky, Brian Bubar, and 20 to 30 officers came to his house and searched without a warrant, handcuffed Plaintiff and his family during the duration of the search, and broke Plaintiff's foot. (SAC ¶ 2.)

On May 6, 2013, Officer Bubar served Plaintiff with another allegedly invalid search warrant for his residence. (SAC ¶ 4.) During that search, Plaintiff was handcuffed by Officer Bubar and arrested for being a felon in possession of a firearm. *Id.* Plaintiff was then interrogated despite demanding an attorney. (SAC ¶ 5.) Plaintiff was only released after he promised to cooperate. (SAC ¶ 6.)

In addition, Plaintiff generally alleges that he is being discriminated against and harassed on the basis of his race, and that his rights continue to be violated by being unlawfully stopped, having his residence subject to search without a valid warrant, excessive force, malicious prosecution, and retaliation. (SAC ¶¶ 8-10.)

On December 12, 2013, Plaintiff filed the instant action, but the initial complaint was dismissed with leave to amend, and Plaintiff was advised that the Federal Pro Bono Project's Help Desk could assist him in amending his complaint. (7/3/14 Order, Dkt. No. 41 at 8.)

On February 14, 2017, Plaintiff filed the second amended complaint. On February 27, 2017, the Richmond Defendants filed a motion to dismiss. (Richmond Defs.' Mot., Dkt. No. 69.) On February 28, 2017, the San Pablo Defendants filed a motion to dismiss. (San Pablo Defs.' Mot., Dkt. No. 70.) Plaintiff did not file timely oppositions to either motion to dismiss, so the Court issued an order to show cause on April 3, 2017, and again advised Plaintiff that the Federal Pro Bono Project's Help Desk was available to assist him in complying with the order to show cause. (4/3/17 Order to Show Cause, Dkt. No. 73 at 1-2.)

On April 10, 2017, Plaintiff filed an opposition to the Richmond Defendants' motion to dismiss. (Pl.'s Richmond Opp'n, Dkt. No. 74.) On April 12, 2017, Plaintiff filed an opposition to

---

claims in the SAC against the Sheriff and the Contra Costa District Attorney, who is also not included in the caption, and, therefore, is not a named defendant.

1   the San Pablo Defendants' motion to dismiss. (Pl.'s San Pablo Opp'n, Dkt. NO. 75.) On April 24, 2017, both sets of defendants filed replies. (Richmond Defs.' Am. Reply, Dkt. No. 78; San Pablo Defs.' Reply, Dkt. No. 79.)

On May 1, 2017, Plaintiff filed two "replies" to the order to show cause, which also included sur-replies to both motions to dismiss. (Dkt. Nos. 80 & 81.) Plaintiff did not have leave of court to file the sur-replies, so those portions of the filings are stricken.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy*

3

*Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Failure to Satisfy Pleading Standards

As an initial matter, the second amended complaint fails to satisfy Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Here, the complaint does not even provide a formulaic recitation of the elements of each cause of action, which would still be insufficient to withstand a motion to dismiss under Rule 12(b)(6). See *Twombly*, 550 U.S. at 555. Further, each of Plaintiff's causes of action incorporates previous paragraphs without identifying which facts relate to which causes of action, leaving the Court to guess which facts pertain to which causes of action. For example, Plaintiff attempts to incorporate all facts stated in the original complaint, which he was explicitly advised not to do in the order dismissing the original complaint. (SAC ¶ 1; *cf.* 7/3/14 Order at 7.) Also, all causes of action refer to paragraphs 7 and 8, which appear to refer to the dog-bite incident that occurred in 2008, which was already found to have been time-barred. (*See, e.g.,* SAC ¶ 11.) In many instances, it is also unclear when the alleged violations occurred, as Plaintiff has failed to specify the dates on which the incidents are alleged to have occurred.

Plaintiff also included his own declarations, as well as declarations from family members, providing additional facts in support of both oppositions, and attached a list of handwritten facts.

4

(*See* 1st Decl. of Ricardo Zepeda, "1st Zepeda Decl.," Dkt. No. 74 at 17; 2d Decl. of Ricardo Zepeda, "2d Zepeda Decl.," Dkt. No. 75 at 12; Family member Decls., Dkt. No. 74 at 10-11, 15-16.) Defendants object to the inclusion of these declarations, which is well taken. (San Pablo Defs.' Reply at 1-2.) To the extent that these facts support specific causes of action, they must be included in the operative complaint. Since they were improperly provided in support of Plaintiff's oppositions, they are STRICKEN.

Accordingly, as currently pled, the second amended complaint is wholly insufficient and must be amended to comply with the *Iqbal-Twombly* pleading standard. Thus, Plaintiff must amend all causes of action—except for those theories dismissed without leave to amend—to allege specific facts, including the dates of all alleged incidents, sufficient to state a claim. To avoid confusion, he should avoid incorporating allegations stated in previous paragraphs. Each cause of action should clearly state the date on which the incident occurred, who was involved, the facts, and how the claim satisfies the elements rendering it a viable cause of action.

Plaintiff should also include a section titled "The Parties," so that the Court and the defendants can ascertain who is named in the third amended complaint. Currently, the second amended complaint appears to have claims against unnamed parties, including the District Attorney of Contra Costa County. Presumably, Plaintiff seeks to name the District Attorney as a defendant in his official capacity, which he may do in the third amended complaint.

Furthermore, Plaintiff shall not include any facts or allegations pertaining to the dog bite incident or any other incidents that have already been found to be time-barred, which are all incidents from 2006 to 2008. Also, Plaintiff cannot incorporate pervious complaints, even if they are attached as exhibits. (*See* SAC ¶ 5.) Any references to exhibits that are not attached to the complaint are also not permitted.

Given the complexity of this civil rights case, Plaintiff is urged to **make an appointment** with the Federal Pro Bono Project's Help Desk, which is a free service to pro se litigants that provides the assistance of a licensed attorney. While the attorney will not represent Plaintiff, he or she can review the instant order, go over it with Plaintiff, and provide some assistance in drafting the third amended complaint. The Court is unlikely to grant any more opportunities to amend, so

5

1 Plaintiff is asked to use this resource.

**B. Failure to State a Claim under Federal Rule 12(b)(6)**

Defendants move to dismiss all claims on the grounds that they are insufficiently pled and contain allegations that are time-barred. The Court tends to agree, and will address each cause of action.

Generally, Plaintiff attempts to bring various constitutional claims on their own. Constitutional violations, however, are only actionable under § 1983, because they allege a deprivation of federal constitutional or statutory rights for actions under color of law. The third amended complaint should clearly state that the excessive force claims, as well as other alleged constitutional violations, are being brought under 42 U.S.C. § 1983. For example, Plaintiff must plead a Fourth Amendment violation under § 1983, because § 1983 is the vehicle that makes the illegal search and seizure claim actionable. Plaintiff must also adequately plead the *Monell* claim to support claims against the public entities.

Furthermore, Plaintiff continually lumps the defendants together and does not explain which defendant engaged in what specific conduct. Plaintiff must, to the extent possible, explain what each defendant did to warrant the claim against him or her. The failure to provide this information will result in the claim(s) being dismissed against the individual and entity defendants should motions to dismiss the third amended complaint be filed.

**i. Inclusion of time-barred incidents**

Plaintiff's operative complaint still contains facts pertaining to incidents that were already found to be time-barred. (7/3/14 Order, Dkt. No. 41 at 5-6; *see* SAC ¶ 7; *cf.* Compl., Dkt. No. 1 ¶¶ 12-13.) Plaintiff may not include any incidents that are time-barred in the third amended complaint, even if he continues to experience injuries or damages that are related to those incidents.

**ii. Causes of Action**

a. First Cause of Action

Plaintiff's first cause of action is for excessive force against Defendants Bubar, Officer Shane (sp?) Pate, Dale Hadlay (who is not a named defendant), Officer Rocky, Richmond Police

6

Chief, San Pablo Police Chief, and unnamed Westnet Officers. (SAC ¶¶ 11-13.) Plaintiff alleges that, on February 12, 2012, "30 or more officers unlawfully arrested and searched [his] house . . . without [a] valid search warrant, used excessive force, kicked down [the] door, stepped on [Plaintiff's] foot, denied medical care in county or City jail while officers were acting under the color of state law in violation of 42 U.S.C. [§] 1981, 1983 and 1985(3)." (SAC ¶¶ 11-12.) Plaintiff also claims that they seized jewelry and "other miscellaneous financial items that [were] not reported or put on [the] property slip. . . ." (SAC ¶ 13.)

San Pablo moves to dismiss the first cause of action on the grounds that there are no facts alleged that would suggest that Schuld and Bubar engaged in excessive force. (San Pablo Defs.' Mot. at 12.) In fact, Plaintiff's operative complaint fails to identify specific defendants, and, instead, lumps everyone together without explanation. (*See* SAC ¶ 11-13.) The bulk of Plaintiff's complaint suffers from the same deficiency.

Similarly, Richmond moves to dismiss on the grounds that Plaintiff's cause of action fails to apprise the Defendants of the nature of the claim, and inappropriately seeks to blame the Richmond Police Department for the alleged conduct of the officers without alleging that the February 2012 incident was part of a custom or policy of the Department. (Richmond Defs.' Mot. at 5-6.) In opposition, Plaintiff claims that there is a practice and custom that allowed Westnet to raid his house without a valid search warrant, and wear masks to hide their identity, which resulted in Plaintiff's injured foot. (Pl.'s Opp'n to Richmond at 7.)

The Court agrees that Plaintiff's first cause of action suffers from several defects. First, Plaintiff names the "Richmond Police Chief" and "San Pablo Police Chief" rather than the defendants actual names. This is improper, as it does not give notice to the individual being sued. To the extent that this has occurred in this cause of action and later causes of action, Plaintiff is granted leave to amend to include the names of the actual people for all causes of action. To the extent that former Chief Magnus was being sued in his official, rather than individual, capacity, the third amended complaint should name current Richmond Police Chief Allwyn Brown. (*See* Richmond Defs.' Mot. at 2 n. 1.) As Richmond contended, Plaintiff must include the facts that suggest that there was a custom or policy within the Richmond Police Department that contributed

7

to the conduct that occurred on February 12, 2012.

Additionally, Plaintiff cites a litany of alleged statutory violations. This is improper. Each violation should be a separate cause of action. For example, the § 1983 claim should be separate from the § 1985(3) claim even if they involve the same incident. Indeed, Plaintiff does not explain how the defendants engaged in a conspiracy to deny him of his civil rights under § 1985(3).

Accordingly, Plaintiff is granted leave to amend the first cause of action. He is advised that this is his last chance to amend, and any future dismissals of claims will be with prejudice. Thus, Plaintiff should utilize the Federal Pro Bono Project's free Help Desk, where a licensed attorney can assist him in amending his complaint.

### b. Second Cause of Action

Plaintiff's second cause of action is for excessive force against a Doe Officer. (SAC ¶¶ 14-16.) Plaintiff does not specify when the excessive force occurred. If the incident occurred during the allegedly unlawful search on February 12, 2012, this excessive force claim should be combined with the excessive force claim from that date. If it was a different date in February, that date must be included. Accordingly, the second cause of action is dismissed with leave to amend, but it should only be amended if this incident occurred on a different date.

### c. Third Cause of Action

Plaintiff's third cause of action is for "abuse of authority and conspiracy" against Defendants Schuld, Richmond Police Chief, Contra Costa County Sheriff (who is no longer named in this case), and the District Attorney (who is also not named). (SAC ¶¶ 17-19)

Richmond moves to dismiss on the grounds that they are not on notice of the underlying claims. (Richmond Defs.' Mot. at 6.) Indeed, Plaintiff fails to describe the facts or the underlying violations he is alleging.

Accordingly, this cause of action is dismissed with leave to amend. In amending, Plaintiff must list all facts that he claims constitutes conspiracy, and may not include facts from 2006-2008, as those are time-barred.

### d. Fourth Cause of Action

Plaintiff's fourth cause of action is against Shane (sp?) Tate, Burbar, Rocky, Westnet, and

8

the District Attorney for "8-10 years of harassment, racial profiling, discrimination, unlawful search and seizure, and interrogation in violation of Miranda while living in Richmond." (SAC ¶ 20.) Plaintiff again improperly incorporates the preceding paragraphs, and does not include the facts that pertain to this cause of action, thereby making it impossible for the Court to determine what this claim is about. Accordingly, the fourth cause of action is dismissed with leave to amend.

### e. Fifth Cause of Action

Plaintiff's fifth cause of action is for an unlawful search in violation of the Fourth Amendment. (SAC ¶ 20[2].) Plaintiff names Shine (sp?) Pate and the Richmond Police Department, and alleges that Pate and 30 or 40 officers raided Plaintiff's house on an unspecified date in 2012, in which they threw a flash grenade, kicked down the door, and searched the house without a warrant. *Id.*

Richmond moves to dismiss this claim on the grounds that it not only fails to specifically plead any elements of a cognizable claim, but it appears identical to the first cause of action, and attempts to improperly blame the Richmond Police Department as a whole for an illegal search allegedly carried out by individual officers. (Richmond Defs.' Mot. at 8.) This is well taken.

Furthermore, to the extent that Plaintiff alleges violations of the Fifth and Eighth Amendments, those claims are dismissed with prejudice. The fifth cause of action is dismissed with leave to amend to plead a Fourth Amendment violation under § 1983 for an unlawful search and seizure.

### f. Sixth Cause of Action

Plaintiff's sixth cause of action is against unnamed West Contra Costa Narcotics Enforcement Team (Westnet) officers for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. (SAC ¶ 23.) This claim must be dismissed for several reasons. First, Plaintiff does not identify any of the officers or any of the specific facts that give rise to this cause of action. Second, Plaintiff vaguely alleges "discrimination and racial profiling because of race from 2006 to

---

[2] Plaintiff erroneously numbered two paragraphs as ¶ 20.

9

2016." *Id.* As previously stated, all claims that happened between 2006 and 2008 are time-barred. Accordingly, this claim is dismissed with leave to amend. In amending, Plaintiff must include actual facts that explain what happened, rather than conclusive statements. The failure to include such facts will result in this claim being dismissed with prejudice.

### g. Seventh Cause of Action

Plaintiff's seventh cause of action is against Chief Magnus, who Plaintiff alleges is responsible for the Special Response Team (SRT) and Pate's actions in 2012 and racial profiling. (SAC ¶ 24.) Richmond moves to dismiss this claim on the grounds that Plaintiff has not alleged the elements of a cognizable claim, and has not put Defendants on notice of the grounds of any such claim. (Richmond Defs.' Mot. at 8.)

Indeed, Plaintiff does not explain why Magnus is responsible nor does he allege that there was a policy and practice in the Richmond Police Department. Thus, Plaintiff's claim is insufficiently pled, and must be dismissed with leave to amend. If Plaintiff cannot alleges facts to support that there was a policy in the Richmond Police Department, he should not amend this cause of action.

To the extent that Plaintiff would like to amend the seventh cause of action to add a claim for malicious prosecution, that request is denied. He is permitted, however, to include allegations against the District Attorney in the eighth cause of action for malicious prosecution.

### h. Eighth Cause of Action

Plaintiff's eighth cause of action is for malicious prosecution, retaliation, and the denial of First, Fourth, and Fourteenth Amendment right to redress grievances in court. (SAC ¶¶ 26-30.) The claim is against the officers of Westnet.

As an initial matter, Plaintiff's First Amendment rights are not implicated, so any allegations regarding Plaintiff's First Amendment rights are dismissed without leave to amend.

Second, Plaintiff does not name any of the officers involved, which he must do to the extent that they are known. Plaintiff must also explain what the officers did to give rise to malicious prosecution.

Third, the majority of the allegations pertain to the District Attorney, who is not a named

1  defendant nor is the claim against him.

2  Lastly, to the extent that Plaintiff is seeking damages for malicious prosecution, he must exhaust his administrative remedies under the California Tort Claims Act, and plead that he has done so. If Plaintiff has not filed an administrative complaint, he cannot bring the cause of action at this time.

Accordingly, Plaintiff's eighth cause of action is dismissed with leave to amend.

### C. Responses to the Order to Show Cause

Plaintiff did not timely file oppositions to the motions to dismiss, so the Court ordered that he file a response to the order to show cause by April 17, 2017. Plaintiff did not file a response until May 1, 2017, when he filed two responses along with "closing briefs." (Dkt. Nos. 80 & 81.) As set forth above, Plaintiff was not granted permission to file the sur-replies, so those portions of the filings are STRICKEN.

Plaintiff's responses to the order to show cause are virtually identical, and he states that he filed the oppositions and has diligently prosecuted his case. (Dkt. No. 80 at 1-2.) He does not explain why he did not timely file the oppositions or respond to the order to show cause. *Id.* at 2. At the hearing, Plaintiff explained that he did not receive a copy of the order to show cause, and only became aware of it when he filed the oppositions to the motions to dismiss in the Clerk's Office.

Accordingly, the order to show cause is discharged, and Plaintiff is advised that he is obligated to meet deadlines in this case, and any future failures to timely respond could result in his case being dismissed with prejudice for failure to prosecute.

### IV. CONCLUSION

Defendants' motions to dismiss the second amended complaint are GRANTED as to all causes of action, but Plaintiff shall have one final opportunity to amend. The third amended complaint should only reference facts that are not barred by the statute of limitations, such that it should not include facts pertaining to the 2008 dog bite incident, or any related injuries even if they persist. Plaintiff is advised that any future dismissals will be with prejudice, and his case will be closed.

11

United States District Court
Northern District of California

1  Plaintiff shall file a third amended complaint on or before **July 17, 2017**, which must clearly specify the facts supporting each cause of action. Failure to timely file a third amended complaint that complies with this order will result in the dismissal of this action.

Plaintiff is again advised that the third amended complaint will supersede or replace all previous complaints and those complaints will be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The third amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted). <u>Plaintiff shall not attach prior complaints as exhibits.</u>

Plaintiff is further advised that this is his last opportunity to amend, and any future dismissals will be with prejudice, which would likely result in his case being dismissed. So, in amending his complaint, Plaintiff is strongly advised to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—to make an appointment by calling (415) 782-8982. Plaintiff has been referred to the Help Desk on several occasions, but, based on the deficiencies in his first and second amended complaints, he has not fully utilized this service. In addition to bringing this order to his appointment, Plaintiff should also bring copies of the order granting the first motion to dismiss (Dkt. No. 41) and his previous complaints for the Help Desk attorney to review. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: May 8, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge