UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZEPEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALTER N. SCHULD, et al.,<br><br>    Defendants. | Case No. 4:13-cv-05761-KAW<br><br>**ORDER DISMISSING THIRD AND FOURTH CLAIMS PURSUANT TO 28 U.S.C. 1915**<br><br>Re: Dkt. No. 87 |

On July 17, 2017, Plaintiff Ricardo Zepeda filed his third amended complaint. Plaintiff filed this lawsuit pursuant to the *in forma pauperis* statute, so the Court must dismiss claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

For the reasons set forth below, the Court dismisses the third and fourth causes of action with prejudice, because any amendment would be futile.

## I. BACKGROUND

Plaintiff Ricardo Zepeda alleges civil rights violations in connection with various contacts with law enforcement agencies and personnel, including the San Pablo Police Department, the Richmond Police Department, and the Contra Costa County Sheriff's Department.

In dismissing the second amended complaint with leave to amend, the Court advised Plaintiff that the third amended complaint was his final opportunity to amend, and that "any future dismissals [would] be with prejudice, which would likely result in his case being dismissed." (Dkt. No. 84 at 12.) Plaintiff was also reminded that the third amended complaint would supersede all previous complaints and must be complete in itself without reference to the prior or superseded pleading, and the undersigned again referred Plaintiff to the Federal Pro Bono Project's Help Desk to obtain free legal assistance. *Id.*

On July 17, 2017, Plaintiff filed his third amended complaint. (Third Am. Compl., "TAC," Dkt. No. 87.) Therein, he alleged that, on May 6, 2013, Deputy Sheriff Dale Hadly issued a search warrant and he, along with John Does 11-20, searched Plaintiff's residence, unreasonably seized property, ransacked, and destroyed property, and handcuffed Plaintiff in violation of his the Fourth Amendment. (TAC ¶¶ 14-15, 30.)

Plaintiff filed the instant lawsuit on December 12, 2013. On August 19, 2014, Plaintiff was arrested for gun charges related to the search warrant executed in May 2013, and charges were filed on August 22, 2014. (TAC ¶¶ 20, 23.) On November 2, 2014, the undersigned stayed the instant action pending the resolution of Plaintiff's criminal charges. (Dkt. No. 49.) Plaintiff alleges that Defendant Deputy District Attorneys Jon Yamaguchi and Steve Baldwin prosecuted him in retaliation for the instant lawsuit. (TAC ¶¶ 25-27, 30.) Plaintiff ultimately pled guilty to a misdemeanor gun charge and was sentenced to one year of court probation. (TAC ¶ 27.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall dismiss the case if at any time it determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . " *Estelle*, 429 U.S. at 106 (internal citations omitted). Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Third Cause of Action for violations of § 1983

Plaintiff's third cause of action alleges Fourth amendment violations, including unlawful seizure and arrest, stemming from the May 2013 incident at Plaintiff's residence, against Deputy Sheriff Dale Hadly and Does 11-20. (TAC ¶ 30.) A plaintiff cannot recover damages under §1983 for a claim involving an unlawful arrest, imprisonment, or conviction unless or until the conviction has been vacated or set aside. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (the question is "whether judgment in favor of a § 1983 plaintiff would necessarily imply invalidity of [a plaintiff's] conviction or sentence"); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Here, the lawsuit was previously stayed pending the outcome of Plaintiff's criminal case stemming from the May 6, 2013 incident, because a conviction would require the dismissal of the claim. *See Wallace,* 549 U.S. at 394 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") Plaintiff's third cause of action alleges constitutional violations related to the May 6, 2013 incident, including the constitutionality of the searches conducted and the seizure of personal property. (*See* TAC ¶ 30.) Plaintiff was convicted of misdemeanor gun charges, which bars the third cause of action, because a civil damages claim that undermines a valid, underlying conviction or sentence is "not cognizable under § 1983." *Heck,* 512 U.S. at 487.

Accordingly, Plaintiff's third cause of action is barred by *Heck,* and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2), because he fails to state a claim upon which relief can be granted. While the dismissal is technically without prejudice, the claim will become actionable

3

only in the event that the conviction is overturned. Thus, at this juncture, Plaintiff is not granted leave to amend.

### B. Fourth Cause of Action for Malicious Prosecution

Plaintiff's fourth cause of action alleges malicious prosecution against Deputy District Attorneys Jon F. Yamaguchi and Steve Baldwin of Contra Costa County. (TAC ¶ 31.) Specifically, Plaintiff alleges that he was arrested and prosecuted in 2014 in connection with the execution of the May 6, 2013 search warrant in retaliation for filing the instant lawsuit. (TAC ¶¶ 20, 23, 25-27, 30.) Plaintiff's criminal case resolved when he pled guilty to a misdemeanor gun charge and was sentenced to one year of court probation. (TAC ¶ 27.) "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484. Here, Plaintiff was convicted of a crime in connection with the prosecution after he was held over for trial on a felony charge for felon in possession of a firearm. (TAC ¶¶ 26-27.) Thus, the prosecution was not malicious, because it did not terminate in his favor.

Moreover, the Court notes that, based on the facts alleged, the prosecutors are immune from suit based on general prosecutorial immunity principles. Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are "intimately associated with the judicial phase of the criminal process," due to concerns that the harassment of "unfounded litigation" could adversely affect the exercising of independent judgment. *Imbler v. Pachtman*, 424 U.S. 409, 423, 428, 430 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, (2009). Plaintiff's allegations are limited to his prosecution in Contra Costa County Superior Court, including plea negotiations. (*See* TAC ¶ 26.) Those are prosecutorial actions that are intimately associated with the judicial phase of the criminal process, and, therefore, subject to absolute immunity.

Accordingly, Plaintiff's fourth cause of action for malicious prosecution is barred by both *Heck* and because the deputy district attorneys enjoy absolute immunity from liability. Accordingly, the fourth cause of action against the deputy district attorneys is dismissed with prejudice due to prosecutorial immunity.

## IV. CONCLUSION

In light of the foregoing, the Court dismisses claims three and four of the third amended complaint pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend, because further amendment would be futile. Specifically, Plaintiff's third cause of action is dismissed without prejudice, and the fourth cause of action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: October 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge