UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZEPEDA,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER N. SCHULD, et al.,<br><br>    Defendants. | Case No. 4:13-cv-05761-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RICHMOND'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 89 |

On July 28, 2017, Defendants Richmond Police Chief Allwyn Brown and Sergeant Tim Gard ("Richmond Defendants") filed a motion to dismiss Plaintiff Ricardo Zepeda's third amended complaint on the grounds that the complaint fails to state a claim upon which relief can be granted. (Defs'Mot., Dkt. No. 89.)

On October 5, 2017, the Court held a hearing, and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss the third amended complaint.

## I. BACKGROUND

Plaintiff Ricardo Zepeda alleges civil rights violations in connection with various contacts with law enforcement agencies and personnel, including the San Pablo Police Department, the Richmond Police Department, and the Contra Costa County Sheriff's Department.

In dismissing the second amended complaint with leave to amend, the Court advised Plaintiff that the third amended complaint was his final opportunity to amend, and that "any future dismissals [would] be with prejudice, which would likely result in his case being dismissed." (Dkt. No. 84 at 12.) Plaintiff was also reminded that the third amended complaint would supersede all previous complaints and must be complete in itself without reference to the prior or superseded

pleading, and the undersigned again referred Plaintiff to the Federal Pro Bono Project's Help Desk to obtain free legal assistance. *Id.*

On July 17, 2017, Plaintiff filed his third amended complaint. (Third Am. Compl., "TAC," Dkt. No. 87.) Therein, he alleged that, on February 21, 2012, Richmond Police officers searched his home without a search warrant, that officers dragged him out of bed, and Officer John Doe 1 stepped on his foot, fracturing it, while Officer John Doe 2 watched. (TAC ¶ 8.) Plaintiff alleges that his wife, son, and daughter witnessed these events. (TAC ¶ 9.) Plaintiff was handcuffed and transported to the Richmond Police Station, where Sgt. Tim Gard informed him that he was the investigating officer from the Homicide Unit. (TAC ¶ 10.) Sgt. Gard interrogated Plaintiff for 20 to 30 minutes, before releasing him due to Plaintiff's foot condition. (TAC ¶ 11.) Plaintiff's foot was later x-rayed, which showed a fracture to his left ankle. (TAC ¶ 12.)

On May 6, 2013, a search warrant was served on Plaintiff and he was arrested. (TAC ¶¶ 14-15.) Plaintiff was again arrested on or around August 19, 2014 for gun charges related to the search warrant executed in 2013, and charges were filed on August 22, 2014. (TAC ¶¶ 20, 23.) Plaintiff ultimately pled guilty to a misdemeanor gun charge and was sentenced to one year of court probation. (TAC ¶ 27.)

On December 12, 2013, Plaintiff filed this lawsuit. On July 28, 2017, the Richmond Defendants filed a motion to dismiss Plaintiff's third amended complaint. (Defs.' Mot., Dkt. No. 89.) Plaintiff did not file a timely opposition, so the Court issued an order to show cause on August 24, 2017, and again advised Plaintiff that the Federal Pro Bono Project's Help Desk was available to assist him in complying with the order to show cause. (8/24/17 Order to Show Cause, Dkt. No. 96 at 1-2.) Plaintiff was cautioned that the failure to timely respond separately to the order to show cause would result in the dismissal of this action with prejudice as to all defendants. *Id.* at 2.

On September 8, 2017, Plaintiff filed an opposition, but did not respond to the order to show cause. (Pl.'s Opp'n, Dkt. No. 97.) The Richmond Defendants filed an amended reply on September 14, 2017. (Defs.' Reply, Dkt. No. 100.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

(internal citations omitted).

The Court has an obligation to construe pro se pleadings liberally "to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (discussing post-*Iqbal* pleading standards). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support the plaintiff's claim. *Id.* at 649.

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

The Richmond Defendants move to dismiss the third amended complaint with prejudice. (Def.'s Mot. at 1.) The Court notes that only the first, second, and fifth causes of action pertain to the Richmond Defendants.

#### A. Claims against Sergeant Tim Gard

As an initial matter, Defendants argue that any claims against Sgt. Gard are time-barred, because he was not named in any prior complaints, and there are no facts alleged to allow the amendments to relate back. (Defs.' Mot. at 5.)

In opposition, Plaintiff argues that any claims against Sgt. Gard should be tolled due to his criminal charges that were in retaliation to this lawsuit, because he is the "defendant who issued [the] invalid search warrant and officers refused to show it to [P]laintiff." (Pl.'s Opp'n at 5.) The operative complaint, however, does not allege that Sgt. Gard was present at either of the two searches, only the first of which was allegedly without a warrant. Rather, Plaintiff alleges that Sgt. Gard questioned him after he was transported to the police station on February 21, 2012. (TAC ¶¶ 10-11.) Plaintiff then states that Sgt. Gard released him from custody due to his foot condition. (TAC ¶ 11.) The undersigned notes that Plaintiff misstates the search warrant process,

4

because warrants are issued by the court, not by law enforcement. If Sgt. Gard was the affiant for the search warrant used to search Plaintiff's residence, than the search was not warrantless, and Plaintiff needed to plead other facts that made the search unlawful. At the hearing, Plaintiff clarified that the warrant was for the second search. The second search, however, is not the basis for any of the causes of action.

Since Plaintiff does not allege that Sgt. Gard was involved with the alleged warrantless search or the alleged excessive force on February 21, 2012, the first and second causes of action against Sgt. Gard must be dismissed with prejudice.

### B. Claims against Chief Brown and the Department

Defendants argue that Plaintiff only sued Chief Brown in his individual capacity, such that all claims must be dismissed against the other Richmond Police Department defendants. (Defs.' Mot. at 3.) Defendants are technically correct, but the undersigned is required to liberally construe Plaintiff's complaint, and, given the facts alleged against the Richmond Police Department, the Court finds that Plaintiff intended to sue Chief Brown in his official capacity. Even so, Plaintiff does not allege sufficient facts to sustain a claim against the Chief in his official capacity, because he does not identify any facts that support that there was a departmental pattern or practice that caused his injury. *See Bd. of Cty. Comm'rs of Bryan Cty, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) (A plaintiff suing a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Thus, the Court dismisses the claims against Chief Brown in his individual capacity, as he was not Police Chief at the time of the February 2012 incident, as well as in his official capacity.

Now, the Court will address claims one, two, and five on the merits.

### i. First Cause of Action for Unlawful Search

Plaintiff's first cause of action alleges that Sgt. Gard, John Doe 1, John Doe 2, and John Does 3[1]-50 unlawfully searched his home without a search warrant on February 21, 2012. (TAC ¶ 28.) As stated above, however, Sgt. Gard was not involved in the search, so the cause of action

---

[1] Plaintiff erroneously included John Doe 1-50, despite alleging causes of action against Doe 1 and Doe 2.

5

cannot proceed against him. *See* discussion *supra* Part III.A. Liberally construed, Plaintiff's claim can proceed against the Doe Richmond Police Officers, who allegedly searched his residence without a search warrant. Thus, Defendants' motion to dismiss the first cause of action is denied.

### ii. Second Cause of Action for Excessive Force

Plaintiff's second cause of action alleges that John Doe 1 and John Doe 2 used excessive force on February 21, 2012, when they broke his foot, in violation of 42 U.S.C. § 1983. (TAC ¶ 29.) As stated above, however, Sgt. Gard was not involved in the search or the accompanying excessive force, so the cause of action cannot proceed against him.

Broadly construed, Plaintiff properly states a claim against John Doe 1, who allegedly caused his injury by stepping on his foot and causing it to fracture. (TAC ¶¶ 8, 29.) The claim is dismissed as to John Doe 2, who watched the incident, because there is no allegation that he could have intervened. Accordingly, the second cause of action against John Doe 2 is dismissed with prejudice, while the claim against John Doe 1 survives.

## C. Fifth Cause of Action for Racial Profiling

Plaintiff's fifth cause of action alleges that all defendants "conspired jointly to humiliate Plaintiff and family members because they are Hispanic," in violation of § 1981 and § 1982. (TAC ¶ 31.) Defendants move to dismiss this claim on the grounds that Plaintiff fails to include any specific, factual allegations showing any acts of humiliation or any racial animus. (Defs.' Mot. at 7.) The Court agrees. Indeed, the only allegations pertaining to race are contained in paragraph 31. This conclusory statement fails to state a claim against Richmond or any other named defendants.

Thus, given that Plaintiff filed this lawsuit pursuant to the *in forma pauperis* statute, the Court may dismiss this cause of action against all defendants for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Accordingly, the fifth cause of action is dismissed with prejudice against all defendants.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss the third amended complaint. Specifically, the Court dismisses

6

with prejudice Chief Brown and Sgt. Gard in their individual and official capacities. Defendants' motion to dismiss the fifth cause of action is granted. Additionally, the Court dismisses the fifth cause of action in its entirety as to all named defendants pursuant to 28 U.S.C. § 1915(e)(2).

Defendants' motion to dismiss the first cause of action as to Richmond Police Officers John Doe 1, John Doe 2, and John Doe 3-50 is denied. Furthermore, John Doe 2 is dismissed with prejudice only as to the second cause of action for excessive force.

Defendants shall file an answer to the first and second causes of action within 14 days of this order.

IT IS SO ORDERED.

Dated: October 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge